UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY G. HENSON,

    Plaintiff,

    v.      CAUSE NO. 3:22-CV-119-DRL-MGG

RON NEAL, CHRISTINE VORRIER, and
VANESSA CEUVAS,

    Defendants.

OPINION AND ORDER

Timothy G. Henson, a prisoner without a lawyer, filed a motion for leave to file an amended complaint and attached a copy of the proposed second amended complaint. ECF 53. Defendants have responded, and Mr. Henson has filed a reply. ECF 56, 75. The motion is ready to be decided.

"Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to defendants, or where the amendment would be futile." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 855 (7th Cir. 2017) (citation omitted). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded,

must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted).

Mr. Henson initially filed this case to stop a proposed transfer from Indiana State Prison (ISP) to Westville Correctional Facility, alleging that the transfer was done in retaliation for him filing lawsuits and grievances. To state a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotations and citation omitted). He was granted leave to proceed against "Ron Neal, Christine Vorrier, and Vanessa Ceuvas in their individual capacities for compensatory and punitive damages for arranging to transfer him to a facility with an inferior law library in retaliation for filing lawsuits and grievances in violation of the First Amendment[.]" ECF 26 at 8.

Now, Mr. Henson seeks to add two more defendants to his case: Randy Crawford, the Supervisor of the Classification Department at the Indiana Department of Correction's Central Office, and Joshua Wallen, the Offender Grievance Specialist at ISP. ECF 54 at 8. However, neither of these individuals are proper defendants.

Mr. Henson alleges that Classification Supervisor Crawford is liable because Mr. Henson contacted him after the transfer process had begun and asked that he

2

intervene to prevent the transfer.[1] ECF 53-1 at 9. ECF 75-1 at 21. The only allegation connecting Classification Supervisor Crawford to the transfer is Mr. Henson's request for him to intervene and stop the transfer, but this does not provide a basis to add him as a defendant. "'[N]o prisoner is entitled to insist that one employee do another's job,' and the division of labor is critical to the efficient functioning of the organization." *Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) (quoting *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009)). "Public officials do not have a free-floating obligation to put things to rights, disregarding rules . . . along the way." *Burks*, 555 F.3d at 595. Personal liability requires more than allegations that the defendant is a supervisor or that the defendant knew of the plaintiff's issues and did not intervene.

It is not until Mr. Henson's reply brief that he provides another connection between Classification Supervisor Crawford and the transfer decision. ECF 75 at 20. He attaches classification paperwork that shows on February 8, 2022, Classification Supervisor Crawford approved the transfer on behalf of the Central Office after it had been recommended by the Classification Supervisor and the Warden's designee at the facility level. ECF 75-1 at 4. Even if this information had been made part of the complaint, it would not provide a reason to add Classification Supervisor Crawford as a defendant because there is no basis to reasonably infer that he too possessed a retaliatory motive or

---

[1] Mr. Henson attaches to his reply brief a copy of the letter, dated February 7, 2022, that he sent to Classification Supervisor Crawford. ECF 75-1 at 21-22. It was not included as a part of the proposed second amended complaint, but even if it were, knowing the contents of the communication to Classification Supervisor Crawford does not change the analysis here.

was even aware of the allegedly retaliatory motive of the facility-level defendants when approving the recommended transfer.

Turning to Grievance Specialist Wallen, he also became involved after the transfer had already been initiated. Mr. Henson alleges he submitted a grievance about the transfer, but Grievance Specialist Wallen refused to process the grievance or investigate the alleged retaliation on the basis that it was a classification matter, not a matter for the grievance process. ECF 53-1 at 13. Mr. Henson alleges that Grievance Specialist Wallen is liable for intentionally refusing to process his grievance in order to conceal the retaliatory actions of superior prison officials. *Id.* at 14.

These allegations do not state a claim against Grievance Specialist Wallen. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Thus, even if Grievance Specialist Wallen's reason for rejecting Mr. Henson's grievance was mistaken, that does not provide a basis for making him a defendant here. None of Mr. Henson's arguments trying to fit this case into an exception to that general rule are persuasive. ECF 75 at 6-19.

The proposed second amended complaint does not change the allegations against the existing defendants. Because it does not state a claim against either defendant Mr. Henson seeks to add, it would be futile to allow him to file the second amended complaint.

4

For these reasons, the court DENIES the motion for leave to amend the complaint (ECF 53).

SO ORDERED.

September 15, 2023                                         *s/ Damon R. Leichty*
                                                                          Judge, United States District Court